## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| CHARLEE LANG; GREGORY LANG on behalf of minor daughter J.L.; | **CASE NO.** |
| *Plaintiffs,* | |
| v. | **COMPLAINT** |
| OAK GROVE LUTHERAN SCHOOL, through its Board of Regents; DANIEL STOA, in his official and individual capacity; MICHAEL SLETTE, in his official and individual capacity; BRENT WOLF, in his official and individual capacity; AMIEE ZACHIRSON, in her official and individual capacity, | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

## COMPLAINT

## I.   INTRODUCTION

This is an action arising from Plaintiff being subjected to and enduring sexual misconduct while a student at Oak Grove Lutheran School. Plaintiff is seeking damages for Defendants' violation of Title IX of the Education Amendments of 1972, First Amendment, Fourteenth Amendment and state law claims.

## II.   PARTIES

1.      Gregory Lang ("Lang") is the father of J.L. and Charlee Lang and a resident of the State of North Dakota.

2.      Charlee Lang is a former student at Oak Grove Lutheran School and a resident of the State of North Dakota.

3.      J.L. ("J.L") is a minor. She is a former student at Oak Grove Luther School and a resident of the State of North Dakota.

4.      Oak Grove Luther School ("Oak Grove") is a private school in North Dakota.

5.      Daniel Stoa ("Stoa") was employed by Oak Grove at all times relevant to this litigation.

6.      Michael Slette ("Slette") was employed by Oak Grove at all times relevant to this litigation.

7.      Brent Wolf ("Wolf") was employed by Oak Grove at all times relevant to this litigation.

8.      Amiee Zachirson ("Zachirson") was employed by Oak Grove as the Superintendent at all times relevant to this litigation.

### III.    JURISDICTION & VENUE

9.    This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

10.    Venue in this action is properly in the District of North Dakota because the events relevant to this action occurred within the geographical confines of the District of North Dakota.

### IV.    FACTUAL ALLEGATIONS

11.    On all times relevant to this litigation, Plaintiffs were students at Oak Grove pursuing a high school diploma.

12.    At all times relevant to this litigation, Charlee has been a student at Oak Grove Lutheran School ("Oak Grove")

13.    Charlee joined the varsity track team in 8th grade and began to report inappropriate behavior by male track coach, Coach Daniel Stoa ("Stoa"), including touching her hair and rubbing her back.

14.    Charlee's parents advised Charlee to maintain a distance from Stoa and to report any further incidents.

15.    After Stoa had sent Charlee a Snapchat friend request at 3 A.M., Mr. Lang contacted Oak Grove's Athletic Director to report the incident.

16.     Following making the report, Mr. Lang learned that multiple families had previously filed concerns since 2015 regarding Stoa's employment at Oak Grove.

17.     During the 2019 track season, Defendant Stoa began attempting to contact Charlee via the social media application Snapchat.

18.     Defendant Stoa began attempting to communicate with Charlee via text messaging.

19.     Charlee refused all communications from Defendant Stoa and Plaintiff's reported the incidents to Defendant Wolf.

20.     Mr. Lang subsequently reported the incidents to Defendant Oak Grove, Defendant Slette and Defendant Zachirson.

21.     The concerns regarding Stoa from 2015 to 2020 were filed directly with Oak Grove's administration, including the President Defendant Slette and the Activities Director Defendant Wolf.

22.     Additional reports of inappropriate behavior of a sexual nature by Defendant Stoa directed toward minor female students was reports to Defendants Slette and Wolf.

23.     Defendant Stoa utilized the social media handle @NDHSScore in his capacity as an employee with Defendant Oak Grove.

24.     Defendant Stoa maintained inappropriate content on the @NDHSScore pages including scantily dress and nude girls appearing to be minors.

25.     The content was reported to Defendant Wolf; no action was taken.

26.     Plaintiff's communicated concerns to Defendants regarding the safety of their children and other children within the school community as a result of Defendant Stoa's actions.

27.     Oak Grove failed to follow mandatory reporting laws and guidelines.

28.     Over the course of several years, multiple female Oak Grove students reported incidents of Stoa conducting himself inappropriately via social media, including contacting the students and engaging with inappropriate content on his work-related account.

29.     All incidents continued to go unreported, and Stoa maintained his employment with Oak Grove working with minor students.

30.     On February 12, 2021, Stoa was charged with possession of child pornography and promoting a sexual performance by a minor.

31.     On February 13, 2021, President Slette made a public statement that the school had relieved Stoa from his coaching position and that he was barred from school premises.

32.     President Slette also stated that the investigation did not have any connection with any Oak Grove students, which directly contradicts all previous reports from Oak Grove families.

33.     Mr. Lang met with Defendant Slette regarding concerns that Defendant Oak Grove failed to initiate an investigation and protect it's students.

34.     No action was taken as a result of the meeting.

35.     In March 2020, Mr. Lang wrote a letter to the Board of Regents and the Evangelical Lutheran Church in America ("ELCA") to report Oak Grove and the misconduct of the administration.

36.     The Board of Regents consists of two bishops from the ELCA, individuals selected by the ELCA, and locals with strong leadership and influence in the community.

37.     The Oak Grove website previously had a statement from the ELCA that stated that the ELCA "oversee[s] all operations of the school," that statement has since been removed.

38.     The Board of Regents did not take any action in response to Mr. Lang's letter.

39.     The North Dakota Bureau of Criminal Investigators were not made aware of any of the previous incidents with Oak Grove students by Oak Grove until concerned parents directly informed the investigators.

40.    After the investigators discovered Stoa's previous inappropriate online activity involving minor female students, Stoa changed his plea to guilty.

41.    When the investigation was turned over to the prosecutor's office, the state attorney refused to prosecute and advised Mr. and Mrs. Lang to file a civil suit.

42.    On July 19, 2021, Mr. and Mrs. Lang received a letter from Oak Grove censuring Mr. and Mrs. Lang as well as their two daughters who have attended Oak Grove since pre-kindergarten.

43.    The letter specifically stated that Charlee would have the opportunity to re-enroll in Oak Grove provided she, along with Mr. and Mrs. Lang, agreed to specific expectations for the 2021-2022 school year.

44.    These expectations included requiring Mr. and Mrs. Lang to receive prior written permission to be present on Oak Grove property and requiring Charlee to have weekly meetings with Oak Grove administration to build a "renewed relationship/connection" with the Oak Grove community.

45.    The letter also stated that failure to agree and comply with the expectations would result in expulsion from Oak Grove for both Lang daughters.

46.    Charlee had no previous behavioral, academic, or athletic disciplinary actions in her thirteen years at Oak Grove.

47.    Charlee wrote a response letter to the school, requesting that she be allowed to return to Oak Grove and that her parents could freely attend Oak Grove

athletic events without the stipulation of meeting weekly with Oak Grove administration.

48.    Oak Grove refused to grant her conditions.

49.    J.L. was not afforded an opportunity to re-enroll under any conditions.

50.    J.L. also had no previous behavioral, academic, or athletic disciplinary actions in her years at Oak Grove.

51.    Mr. and Mrs. Lang transferred both daughters to a different school for the 2021-2022 school year.

52.    On December 21, 2021, President Slette announced his resignation, which would become effective on January 15, 2022.

53.    On January 13, 2022, Mr. and Mrs. Lang contacted the North Dakota Education Standards and Practices Board to report the Oak Grove administration, including President Slette, Director Wolf, Aimee Zachirson (Superintendent), and Terri Kroll (school counselor).

54.    No reprimand was handed down as a result of Mr. and Mrs. Lang's report.

55.    On February 10, 2022, the Education Standards and Practices Board held hearings for Zachirson, Kroll, and Patrick Meyers (Dean of Students) on a separate matter of the same context and issued each formal letters of reprimand for the student harassment concerns and the failure to perform their duties.

56.    Additionally, Zachirson was specifically assigned required coursework and mandatory reporting training.


## V.    CAUSES OF ACTION

### COUNT ONE – VIOLATION OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972

57.    Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

58.    Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) prohibits discrimination based on sex in educational institutions receiving federal funding.

59.    At all times herein mentioned, the Oak Grove was a school receiving federal financial assistance.

60.    Schools receiving federal funding are required to employ at least one Title IX coordinator, and a staff member responsible for Title IX compliance.

61.    34 CFR § 106.44 provides that such institutions must respond affirmatively to when a school official with the ability to take corrective measures receives actual knowledge that a student may have been discriminated against on the basis of sex.

62.    Defendants committed sex-based discrimination and/or retaliation as stated in the facts contained herein.

63.   Defendant Stoa inappropriately touched Charlee.

64.   The inappropriate touching was reported to Defendant Oak Grove.

65.   Defendant Wolf had actual knowledge of reports of Defendant Stoa's inappropriate interactions with underage female students.

66.   Defendant Slette had actual knowledge of reports of Defendant Stoa's inappropriate interactions with underage female students.

67.   No action was taken by Defendants.

68.   Defendant Oak Grove was legally required under Title IX to conduct a full and thorough investigation into the sexual harassment suffered by Charlee

69.   Defendants violated Plaintiff's First Amendment by retaliating against her based on her complaints of Title IX discrimination.

70.   Plaintiff reported to Defendant Oak Grove Defendant Stoa's inappropriate sexual touching and violations of the schools policies.

71.   Subsequent to Plaintiff's reporting, Oak Grove engaged in the following retaliatory conduct directed at Plaintiffs:

(1)   Defendant Slette wrongfully accused Plaintiffs of engaging in conduct that violated school policies while outside of school grounds and on personal time.

(2)   Plaintiffs were accused of wrongdoing as retaliation for Plaintiff's insistence that Defendants investigate and discipline/remove Defendant Stoa as a result of his Title IX violations.

(3)    Defendants wrongfully terminated Charlee and J.L.'s enrollment as students at defendant Oak Grove resulting in Plaintiffs inability to continue her education required to obtain their high school diplomas.

72.    Due to the Defendants' discriminatory and retaliatory actions, Charlee did not obtain her high school degree from Oak Grove and was therefore forced to attend another school.

73.    Based on Oak Grove's failure/refusal to take immediate remedial actions based on Plaintiff's concerns and subsequent complaints, the Oak Grove condoned Stoa' behavior and itself denied Plaintiff's right to an education without sex-based discrimination and retaliation.

74.    The sex-based discrimination was so severe that it barred Plaintiff's access to an equal opportunity to education.

75.    As a direct and proximate result of Defendants' unlawful discrimination and retaliation, Plaintiff has suffered economical and emotional damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT TWO – VIOLATION OF 42 U.S.C. §1983

76.     Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

77.     42 U.S.C.S. § 1983 prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

78.     Title IX prohibits discrimination based on sex in educational institutions receiving federal funding. 20 U.S.C. § 1681. Schools receiving federal funding are required to employ at least one Title IX coordinator, and a staff member responsible for Title IX compliance. Moreover, 34 CFR 106.44 provides that such

institutions must respond affirmatively when they receive "actual knowledge" that a student may have been discriminated against based on gender. This creates a duty for institutions to have their Title IX coordinator promptly investigate allegations of sex-based discrimination and provide accommodations to students that have suffered sex-based discrimination.

79.   Defendant Oak Grove is a school that receives federal financial assistance. Thus, Defendant Oak Grove is a recipient of federal financial assistant for purposes of Title IX.

80.   At all times herein mentioned, the Individual Defendants were employees of Oak Grove acting under the color of state law.

81.   Defendant Slette was in charge of enforcing Title IX at Defendant Oak Grove.

82.   The sexual harassment that Plaintiff suffered at the hands of Defendant Stoa were perpetrated against Plaintiff specifically based on Plaintiff's gender. Plaintiff is female. Defendant Stoa is male.

83.   Individual Defendants violated their Title IX obligations and inflicted sex-based discrimination on Charlee when:

84.   Defendant Slette failed to initiate any meaningful Title IX investigation into Defendant Stoa's illegal actions.

85.     Individual Defendants refused to take any affirmative actions to ensure that Charlee felt safe on the Oak Grove campus and were deliberately indifferent to Plaintiff's report of sexual harassment.

86.     Defendant Wolf was deliberately indifferent to Plaintiff's report of sexual assault and harassment when Defendant Wolf failed to report Defendant Stoa's sexual harassment of Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT THREE – NEGLIGENCE

87.    Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

88.    Plaintiff's injuries were the result of Defendants' negligent actions because the Defendants owed Plaintiff a duty; Defendants breached that duty; Defendants' breach caused Plaintiff injury; and Plaintiff suffered injuries that a court can compensate, known as "damages."

89.    Defendants owed Plaintiff a reasonable duty of care while in school.

90.    The individual Defendants failed to keep Plaintiff safe from sexual harassment in the face of a known assailant, leading to Plaintiff's injuries.

91.    Defendants Stoa breached his duty of reasonable care by knowingly and willfully acting in such a way that resulted in Plaintiff's abuse, which the Defendant knew or should have known posed a substantial risk of harm to Plaintiff.

92.    Defendants Slette and Wolf breached their duty of reasonable care in negligently acting or omitting to act in such a way that resulted in Plaintiff's abuse, which these Defendants knew or should have known posed a substantial risk of harm to Plaintiff.

93.     Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

94.     Defendant Stoa when he knowingly and intestinally sexually harassed Charlee in direct violation of federal and state law as well as Oak Grove policies and procedures.

95.     Defendants Slette and Wolf when they failed to investigate Defendant Stoa after a report came in of sexual harassment of a minor.

96.     Defendant Oak Grove when it failed to supervise Defendant Stoa as an employee resulting in Charlee's injuries.

97.     By their negligent conduct, Defendants have inflicted extreme and severe emotional distress on Charlee as a result of Defendants' actions.

98.     Defendants' actions proximately caused C. L. injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into

Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c)   Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)      Grant such other and further relief as justice requires.

## COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99.     Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

100.   Defendants' intentional actions caused Plaintiff emotional distress.

101.   Defendants' actions were extreme and outrageous that intentionally or recklessly caused Plaintiff severe emotional harm.

102.   Defendants' actions were intentional or reckless.

103.   Defendants' actions were a proximate cause of Plaintiff's harm as claimed herein.

104.   Defendants' actions caused severe emotional harm.

105.   Defendants knew or should have known that their actions would and did cause harm to Plaintiff.

106.   Defendants' actions were so careless and were a departure from the care a reasonable person would exercise in similar circumstances.

107.   Defendants' actions are so severe that Plaintiff could not endure it.

108.   Defendant Stoa sexually harassed Plaintiff.

109.   Defendant Stoa sexually harassed numerous other female students of which were minors.

110.   Plaintiffs were made away of the allegations of numerous other female students of which Defendant Stoa sexually harassed.

111.   Plaintiff reported to the school Defendant Stoa's sexual harassment and violations of the school's policies.

112.   Subsequent to Plaintiff's reporting of the sexual harassment, Defendants engaged in the following retaliatory conduct directed at Plaintiff:

a)   Defendant Slette wrongfully accused Plaintiffs of engaging in conduct that violated school policies while outside of school grounds and on personal time.

b)   Plaintiffs were accused of wrongdoing as retaliation for Plaintiff's insistence that Defendants investigate and discipline/remove Defendant Stoa as a result of his Title IX violations.

c)      Defendants wrongfully terminated Charlee and J.L.'s enrollment as students at defendant Oak Grove resulting in Plaintiffs inability to continue her education required to obtain their high school diplomas.

113.   Defendants failed to initiate a Title IX investigation into Defendant Stoa.

114.   Oak Grove failed and/or refused to terminate Defendant Stoa based on the allegations of sexual harassment of a minor.

115.   The sex-based discrimination was so severe that it barred Plaintiff's access to an equal opportunity to education.

116.   As a direct and proximate result of Defendants' unlawful discrimination and retaliation, Plaintiff has suffered economical and emotional damages.

117.   Defendants were aware of Plaintiff's economic and emotional damages caused by their discrimination, hostile environment and retaliation.

118.   Based on Defendants' actions, Plaintiff was forced to obtain her high school diploma at another school.

119.   Plaintiff's need and requirement for her high school diploma and the Defendants' control over Plaintiff's high school education placed Plaintiff in the "zone-of-danger", allowing the recovery of damages for negligent infliction of emotional distress due to the Plaintiff being located in the dangerous environment

created by the Defendants' negligent and/or intentional actions of discrimination and retaliation which caused fright of harm and risk to Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)    Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

120.   Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

121.    Defendant Stoa sexually harassed Charlee, a minor student.

122.    Defendants failed to initiate a Title IX investigation into allegations of sexual harassment of Defendant Stoa against multiple minor female students.

123.    Defendant Oak Grove failed and/or refused to terminate Defendant Stoa.

124.    Defendants caused Plaintiff to be subject to a hostile learning environment through sexual harassment and retaliation while trying to obtain her high school diploma.

125.    Defendants intended or knew or should have known that their actions would inflict emotional distress or knew or should have known that emotional distress was likely to result from their conduct causing injuries to Plaintiff.

126.    Defendants' conduct of sex harassment and retaliation was extreme and outrageous to cause emotional distress causing injuries to Plaintiff.

127.    Defendants' conduct of sexual harassment, sex discrimination and retaliation caused emotional distress so that Plaintiff was unable to endure it.

128.    Defendants knew or should have known that their actions violated the schools' policies and procedures.

129.    As a result of Defendants' actions, Plaintiff has been damaged financially and emotionally.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## VI.   JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Date: January 23, 2023                     Respectfully Submitted,


Keith Altman, Esq.

22

THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*