IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| CHARLEE LANG; GREGORY LANG on behalf of minor daughter J.L.;<br><br>*Plaintiffs,*<br><br>v.<br><br>OAK GROVE LUTHERAN SCHOOL, through its Board of Regents; DANIEL STOA, in his official and individual capacity; MICHAEL SLETTE, in his official and individual capacity; BRENT WOLF, in his official and individual capacity; AMIEE ZACHIRSON, in her official and individual capacity,<br><br>*Defendants.* | Case No. 3:23-cv-00019-ARS<br><br>**DEFENDANT DANIEL STOA'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** |

Defendant Daniel Stoa, for his Answer to Plaintiffs' Complaint, alleges:

1. Denies each and every allegation contained the Complaint except as admitted, qualified or otherwise explained.

2. Moves to dismiss the Complaint for failure to state a claim upon which relief can be granted against this answering Defendant pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION

3. Defendant Stoa denies that Plaintiffs were subjected to sexual misconduct while students at Oak Grove Lutheran School or by Defendant Stoa at any time. The remainder of the allegations of Section I contain legal conclusions which must be dismissed as a matter of law

1

because all of Plaintiffs' claims fail to state a claim upon which relief may be granted as a matter of law.

## II.   PARTIES

4. Admits the allegations of paragraphs 1, 2, 3 and 4 of the Complaint, except that Oak Grove Lutheran School is incorrectly designated as Oak Grove Luther School.

5. Admits the allegations of paragraph 5 of the Complaint up until the time Defendant Stoa was terminated on February 11, 2021.

6. The allegations of paragraph 6, 7 and 8 of the Complaint are directed towards other individual Defendants, and as such, no response is required.

## III.   JURISDICTION & VENUE

7. Defendant Stoa denies the allegations of paragraph 9 of the Complaint, and affirmatively alleges that all of Plaintiffs' claims against Defendant Stoa under federal law fail to state a claim upon which relief may be granted and must be dismissed, and the Court should refuse to exercise supplemental jurisdiction over Plaintiffs' claims arising under state law.

8. The allegations of paragraph 10 of Plaintiffs' Complaint constitute legal conclusions which are for the Court or jury to decide and for which no responsive pleading is required of Defendant Stoa. To the extent a response is required, Defendant Stoa denies the allegations and puts Plaintiffs to their strict burden of proof.

## IV.   FACTUAL ALLEGATIONS

9. Admits so much of the allegations of paragraphs 11 and 12 of the Complaint which alleges that Plaintiffs were students at Oak Grove Lutheran School.

10. Defendant Stoa denies the allegations of paragraph 13 which alleges that he rubbed Charlee's back, and affirmatively alleges that any alleged conduct in touching Charlee's hair and

allegedly rubbing her back on one occasion is not inherently sexual, nor abusive in nature, and that Plaintiffs have not alleged any alleged wrongful conduct on the part of Defendant Stoa.  Defendant Stoa lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 that Charlee reported inappropriate behavior by Defendant Stoa, and thus denies the allegations and puts Plaintiffs to their strict burden of proof.

11. With respect to the allegations of paragraphs 14 and 15 of the Complaint, Defendant Stoa lacks sufficient knowledge or information to admit or deny these allegations, and thus denies the allegations and puts Plaintiffs to their strict burden of proof.

12. Denies the allegations of paragraph 16 of the Complaint.

13. With respect to the allegations of paragraph 17 of the Complaint, Defendant Stoa affirmatively alleges that this does not constitute any wrongful conduct on the part of Defendant Stoa and does not support Plaintiffs' allegations that any Plaintiff was sexually harassed or subjected to sexual discrimination, let alone facts establishing that it involved anything sexual in nature or otherwise abusive.

14. Denies the allegations of paragraph 18 of the Complaint.

15. With respect to the allegations of paragraphs 19, 20 and 21 of the Complaint, Defendant Stoa lacks sufficient knowledge or information to admit or deny such allegations, and thus denies the allegations and puts Plaintiffs to their strict burden of proof.

16. Denies the allegations of paragraphs 22, 23 and 24 of the Complaint and puts Plaintiffs to their strict burden of proof.

17. With respect to the allegations of paragraphs 25, 26 and 27 of the Complaint, these allegations are directed towards individuals or entities other than Defendant Stoa, and Defendant

Stoa lacks knowledge or information sufficient to form a belief about the truth of these allegations, and thus, denies the allegations and puts Plaintiffs to their strict burden of proof.

18. Denies the allegations of paragraphs 28 and 29 of the Complaint, and affirmatively alleges that Defendant Stoa was cleared of any wrongdoing and has never sexually harassed Plaintiffs or subjected Plaintiffs to sexual discrimination or any other wrongful or abusive conduct.

19. Admits the allegations of paragraphs 30 and 31 of the Complaint, but affirmatively alleges that such allegations did not involve Plaintiffs, and thus Defendant Stoa moves to strike these allegations pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as immaterial, impertinent and scandalous.

20. Admits so much of the allegations of paragraph 32 of the Complaint which alleges that President Slette stated that the investigation did not have any connection with any Oak Grove students, which was truthful, but specifically denies that this contradicts all previous reports from Oak Grove families and puts Plaintiffs to their strict proof.

21. Defendant Stoa lacks sufficient knowledge or information to admit or deny the allegations of paragraphs 33, 34 and 35 of the Complaint, and thus denies the allegations and puts Plaintiffs to their strict proof.

22. The allegations of paragraphs 36, 37 and 38 of the Complaint are directed towards individuals or entities than this answering Defendant, and as such, Defendant Stoa lacks knowledge or information sufficient to form a belief about the truth of these allegations, and thus, denies the allegations and puts Plaintiffs to their strict burden of proof.

23. Denies the allegations of paragraph 39 of the Complaint which insinuates that there were previous incidents with Oak Grove students. The remainder of the allegations of paragraph 39 are directed towards other individuals or entities other than this answering Defendant, and as

such, Defendant Stoa lacks knowledge or information sufficient to form a belief about the truth of these allegations, and thus denies the allegations and puts Plaintiffs to their strict burden of proof.

24. Denies the allegations of paragraph 40 of the Complaint.

25. The allegations of paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 and 56 of the Complaint are directed towards individuals or entities than this answering Defendant, and as such, Defendant Stoa lacks knowledge or information sufficient to form a belief about the truth of these allegations, and thus, denies the allegations and puts Plaintiffs to their strict burden of proof.

## V.   CAUSES OF ACTION

### COUNT ONE – VIOLATION OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972

26. Defendant Stoa denies the allegations of Count One – Violation of Title IX of the Education Act Amendments of 1972, and specifically paragraphs 58 through 75, and affirmatively alleges that Count One fails to state a claim upon which relief may be granted as a matter of law against Defendant Stoa. Plaintiffs' claims under Title IX should be dismissed as a matter of law because, among other things: (1) there is no private right of action under Title IX against school officials, teachers or individuals; (2) Plaintiffs have not alleged facts establishing sex discrimination; (3) elementary and secondary schools are excepted from Title IX's prohibition against sex discrimination in admissions; (4) Defendant Stoa's alleged conduct was not so severe, pervasive, and objectively offensive that Plaintiffs were deprived of access to the educational opportunities or benefits provided by Oak Grove; (5) there can be no retaliation absent a complaint of actual sex discrimination.

## COUNT TWO – VIOLATION OF 42 U.S.C. §1983

27. Defendant Stoa denies the allegations of Count Two – Violation of 42 U.S.C. §1983, and specifically paragraphs 77 through 86, and affirmatively alleges that Count Two fails to state a claim upon which relief may be granted as a matter of law against Defendant Stoa. Specifically, Plaintiffs' claims fail to state a claim as a matter of law on the following grounds: (1) Section 1983 has no application to private schools, and school officials, teachers or other individuals employed by private schools as they are not state actors and do not act under color of state law in investigating and disciplining an allegation of sex discrimination; (2) Plaintiffs fail to allege facts establishing any violation of their constitutional rights; (3) individual Oak Grove Defendants are entitled to qualified immunity.

## COUNT THREE - NEGLIGENCE

28. Defendant Stoa denies the allegations of Count Three – Negligence, and specifically paragraphs 88 through 98 of the Complaint.

29. Defendant Stoa affirmatively alleges that Plaintiffs have invoked this Court's federal question jurisdiction over this dispute, and Defendant Stoa contends that this Court should dismiss Plaintiffs' claims under federal law for which this Court has original jurisdiction. If this Court dismisses Plaintiffs' claims under federal law for which this Court has original jurisdiction, there is no justification for this Court to exercise supplemental jurisdiction over Plaintiffs' tort claims of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress governed by state law. Pursuant to 28 U.S.C. §1367(c)(3), this Court may decline to exercise supplemental jurisdiction where the District Court has dismissed all claims over which it has original jurisdiction. Therefore, in the event the Court dismisses all of Plaintiffs'

federal question claims, Defendant Stoa requests the Court decline to exercise supplemental jurisdiction over Plaintiffs' claims arising under state law.

30. Defendant Stoa further affirmatively alleges that Plaintiffs fail to allege a plausible negligence claim as no reasonable person could believe that Defendant Stoa's alleged conduct of touching Charlee's hair and rubbing her back on one occasion, and unsuccessful attempts to communicate with Charlee via Snapchat and text, constituted sex discrimination. Thus, any claims do not constitute sexual harassment or discrimination as a matter of law.

### COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Defendant Stoa denies the allegations of Count Four – Intentional Infliction of Emotional Distress, and specifically paragraphs 100 through 119 of the Complaint. Defendant Stoa specifically denies the allegations of paragraphs 108 and 109 of the Complaint that he sexually harassed Plaintiff, or that he sexually harassed numerous other female students of which were minors, and puts Plaintiffs to their strict proof.

32. Defendant Stoa affirmatively alleges that Plaintiffs failed to allege a plausible intentional infliction of emotional distress claim as any alleged conduct as to Charlee of touching her hair and rubbing her back on one occasion (which is denied), followed by unsuccessful attempts to contact her via Snapchat and text (which is denied), cannot reasonably be characterized as "extreme and outrageous", which exceeds all possible bounds of decency. Thus, Plaintiffs' intentional infliction of emotional distress claim fails as a matter of law.

### COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Defendant Stoa denies the allegations of Count Five – Negligent Infliction of Emotional Distress, and specifically paragraphs 121 through 129 of the Complaint.

34. The Plaintiffs allegations against Defendant Stoa do not constitute sexual harassment or discrimination as a matter of law even if true, and which are expressly denied by Defendant Stoa. Additionally, Plaintiffs do not allege facts establishing "bodily injury" as required to support a negligent infliction of emotional distress claim as a matter of law.

## AFFIRMATIVE DEFENSES

35. Defendant Stoa specifically denies any fault, liability or wrongdoing whatsoever and alleges that Plaintiffs' claims against Defendant Stoa are without any legal justification.

36. The Plaintiffs' claims are or may be barred by or limited by the equitable doctrines of waiver, estoppel, release, laches, res judicata, collateral estoppel, and/or unclean hands.

37. If the Plaintiffs have failed to make reasonable attempts to avoid, minimize or mitigate damages, if any, any alleged damages should be reduced proportionately or barred altogether.

38. Affirmatively alleges that the Plaintiffs have not sustained any damages, or alternatively, Defendant Stoa has insufficient information regarding the nature and extent of the injuries and damages, if any, suffered by the Plaintiffs, and thus denies that Plaintiffs have suffered any damages or injuries and puts Plaintiffs to their strict proof.

39. Affirmatively alleges that any damages to the Plaintiffs were caused or contributed by Plaintiffs' own negligence or other fault, and Plaintiffs' claims against this answering Defendant are therefore barred or reduced.

40. If the Plaintiffs have received collateral source benefits as provided in Chapter 32-03.2 of the North Dakota Century Code, such collateral source payments must be deducted from any verdict as provided in that Chapter.

41. This answering Defendant is entitled to actual and statutory costs, including reasonable attorney's fees, as there is such a complete absence of actual facts or law that a reasonable person could not have thought that a Court would render judgment in the Plaintiffs' favor against Defendant Stoa as provided in N.D.Cent.Code §§28-26-01 and 28-26-31.

42. Pending discovery, this answering Defendant preserves all defenses and affirmative defenses pursuant to Rules 8, 9 and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, the Defendant Daniel Stoa prays for judgment dismissing Plaintiffs' Complaint with prejudice and on its merits, together with costs, reasonable attorney's fees and such other relief as the Court deems just and equitable.

**DEFENDANT DANIEL STOA HEREBY DEMANDS A JURY OF THE MAXIMUM SIZE ALLOWED BY LAW ON ALL ISSUES TRIABLE TO A JURY.**

Dated this 24th day of April, 2023.

*/s/ William P. Harrie*
William P. Harrie, ND ID#04411
Nilles Law Firm
1800 Radisson Tower
201 North Fifth Street
P.O. Box 2626
Fargo, ND 58108-2626
Phone: 701-237-5544
E-Mail: wharrie@nilleslaw.com
Attorneys for Defendant Daniel Stoa