## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CHARLEE LANG; GREGORY LANG on behalf of minor daughter J.L.; | **Case No.: 3:23-cv-00019-ARS** |
| *Plaintiffs,* | |
| v. | |
| OAK GROVE LUTHERAN SCHOOL; et. al., | |
| *Defendants.* | |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ECF 37 AND ECF 39

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... iii

STANDARD OF REVIEW ............................................................................1

ARGUMENT ..................................................................................................1

   A.  OFFICIAL CAPACITY CLAIMS ..................................................1

   B.  TITLE IX ..........................................................................................2

      1.  Title IX and Individual Liability ..............................................2

      2.  Title IX Sex Discrimination ......................................................2

      3.  Title IX Retaliation...................................................................9

      4.  Title IX Damages ...................................................................10

   C.  SUPPLEMENTAL JURISDICTION.............................................11

      1.  Negligence...............................................................................12

      2.  Negligent Infliction of Emotional Distress .............................14

   D.  Evidence Provided by Plaintiff.....................................................16

CONCLUSION .............................................................................................17

CERTIFICATE OF COMPLIANCE.............................................................18

CERTIFICATE OF SERVICE .....................................................................19

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097

    (2006) .................................................................................................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................1

*Azure v. Belcourt Pub. Sch. Dist.*, 2004 ND 128, P9 (2004) ....................................12

*Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007) .......................................1

*Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1069 (8th Cir. 2017) ...............10

*Cannon v. University of Chicago*, 441 U.S. 677, 688-89, 60 L. Ed. 2d 560, 99 S.

    Ct. 1946 (1979) ...............................................................................................10

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40, 129 S. Ct. 1862, 1866-

    67 (2009) .........................................................................................................12

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................1

*Cox v. Sugg*, 484 F.3d 1062, 1067 (8th Cir. 2007) .....................................................7

*Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022) ..................11

*Davis v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629, 650, 119 S. Ct. 1661, 143 L.

    Ed. 2d 839 (1999) .............................................................................................8

*Doe v. Trs. of the Univ. of Pa.,* 270 F. Supp. 3d 799 (E.D. Pa. 2017) ......................8

*Doe v. Trustees of Bos. Coll.,* 892 F.3d 67, 93 (1st Cir. 2018) ..................................8

*Du Bois v. Bd. of Regents of the Univ. of Minn.*, 987 F.3d 1199, 1203 (8th Cir. 2021) ........................................................................................................3

*Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 71-73, 117 L. Ed. 2d 208, 112 S. Ct. 1028 (1992)......................................................................10

*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998) ..............................2, 3

*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998) ....................................................................................7

*Hougum v. Valley Mem'l Homes*, 1998 ND 24, 574 N.W.2d 812 ..........................14

*Jackson v. Birmingham Board of Education*, 544 U.S. 167, 173, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).........................................................................9

*K.C. v. Mayo*, 983 F.3d 365, 368 (8th Cir. 2020) ......................................................7

*Muchow v. Lindblad*, 435 N.W.2d 918 (N.D. 1989) ................................................15

*Osborn v. Haley*, 549 U.S. 225, 245, 127 S. Ct. 881, 166 L. Ed. 2d 819 (2007)....12

*P.H. v. Sch. Dist. of Kan. City*, 265 F.3d 653 (8th Cir. 2001) ..................................5

*Wright v. Rolette Cty.*, 417 F.3d 879 (8th Cir. 2005) ................................................4

**Statutes**

20 U.S.C. § 1681(a) ...................................................................................................2

28 U.S.C.S. §1367(a) ...............................................................................................11

28 U.S.C.S. §1367(c) ...............................................................................................11

**Other Authorities**

Restatement (Second) of Torts § 436A (1965)........................................................14

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................1

## STANDARD OF REVIEW

Rule 12 (b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Supreme Court has stated that the guidance between Rule 8 and Rule 12(b)(6) are as follows "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1957). The Court further stated in *Bell Atlantic Corporation* that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. In *Ashcroft v. Iqbal*, the Court further expanded on the test stating "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ARGUMENT

### A.   OFFICIAL CAPACITY CLAIMS

Plaintiff proceeds with the present claims in the Amended Complaint the same manner as pled in the Complaint. As such, Plaintiff did not restate the Defendants and capacities as no changes were made.

However, Plaintiff concedes that claims falling under the Title IX act are against Defendant Oak Grove only, pursuant to statute.

## B.    TITLE IX

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

### 1.  Title IX and Individual Liability

Plaintiff's Title IX claims are against Defendant Oak Grove only. The actions of the individual defendants remain stated as they are applicable to Defendant Oak Grove.

### 2.  Title IX Sex Discrimination

Discrimination under Title IX includes sexual harassment. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998). A teacher's sexual harassment of a

student constitutes discrimination under Title IX. *Id.; Du Bois v. Bd. of Regents of the Univ. of Minn.*, 987 F.3d 1199, 1203 (8th Cir. 2021).

Defendants attempt to paint the picture of an athletic coach which interacted with underage students in a manner that was not quite sexual in nature. A picture that is made to align with the reputation of the tight knit religious community of Oak Grove. However, a picture that could not be further from the truth. Defendant Oak Grove employed Defendant Stoa as an athletic coach within their school. Defendant Stoa preyed on numerous underaged students while employed at Oak Gove and acting in his capacity as an athletic coach. While Plaintiffs bring forth the present lawsuit seeking to hold Defendants accountable for their action, numerous other students were harmed at the hands of Defendants.

Defendant Stoa sexually harassed numerous underage girls while acting within the capacity as the Oak Grove athletic director. Defendants Slette, Wolf and Zachrison has actual knowledge of the sexual harassment occurring and failed to remediate the actions of Defendant Stoa. As a result of Defendant Slette, Wolf and Zachrison failing to act to protect Plaintiff and other Oak Grove students, Defendant Stoa was given direct and unsupervised access to the minors in which Defendants were entrusted to protect.

Only when Defendant Stoa was arrested and subsequently convicted of multiple child sex crimes, was Defendant Stoa terminated from his position with

3

Oak Grove. This remedial action by Oak Grove was too little and too late. Oak Grove students had already been harmed by Defendant Stoa prior to his arrest, instances of abuse and sexual harassment that could have been avoided for these minor students if Defendants had not turned a blind eye to the actions of Defendant Stoa in an attempt to save the good name and reputation of Oak Grove. Defendants put Plaintiffs and the Oak Grove community in danger to save a pedophile.

Verbal comments without touching can be sexual harassment. *Wright v. Rolette Cty.*, 417 F.3d 879 (8th Cir. 2005). It is unquestionable that when verbal commentary only can constitute sexual harassment, touching on a minor student's body could also constitute sexual harassment. The touching of an intimate body part is not required for sexual harassment to occur. Defendant Stoa had no reason to rub Plaintiff's back, nor her hair. Defendant Stoa did not have permission to act in such way. It was inappropriate for an athletic coach to proposition a minor in such a way. Further, Defendant Stoa had a reputation among the students at Oak Grove as making sexual advances on female students. Students began reporting sexual harassment by Defendant Stoa to Oak Grove administration as early as 2015. With actual knowledge of Defendant Stoa's actions, Defendants failed to implement a Title IX investigation into Defendant Stoa leaving him with unfettered access to minor students at Oak Grove, which he exploited. In light of Defendant Stoa's

reputation, Plaintiff felt sexually harassed when Defendant Stoa rubbed her back and her hair and immediately reported it to her parents.

It was until Plaintiff was harassed by Defendant Stoa herself that the Lang family became involved in the Stoa situation at Oak Grove. To their disdained surprise, this was not the first time that Defendant Stoa's actions were reported to Oak Grove. Had Defendants taken appropriate remedial action, Plaintiff would not have been subjected to Defendant Stoa's sexual advances.

Defendant Stoa made sexually harassed Plaintiff, and other students on Oak Grove property, during and in conjunction with Oak Grove athletic events and used his status as an athletic coach as a reason for contacting students outside of school hours. Defendant Stoa's conduct was not confined to the hours of a normal school day. A fact that Defendants Slette, Wolf, Zachrison and Stoa himself were aware of.

"It is well settled that the Due Process Clause of the Fourteenth Amendment protects the liberty interest of a child in public school from sexual abuse." *P.H. v. Sch. Dist. of Kan. City*, 265 F.3d 653 (8th Cir. 2001). All students at Oak Grove, including Plaintiff, have a right to be free from sexual harassment. A right that Defendants inherently knew at the time they employed Defendant Stoa and failed to take action against his sexual harassment of minor students. Defendants Slette, Wolf and Zachrison held positions at Oak Grove which all allowed for them to institute remedial action to protect the students of Oak Grove, Defendants Slette, Wolf and

5

Zachrison all held actual knowledge of the sexual harassment that was occurring to the students at Oak Grove at the hands of Defendant Stoa. Defendants Slette, Wolf and Zachrison all turned a blind eye to the occurrences with deliberate indifference to the actions of Defendant Stoa and the injuries occurring to Plaintiff and other students at Oak Grove.

Defendant Stoa had actual knowledge of his actions, with knowledge and intent for the sexual harassment of Plaintiff and other minor students and was deliberately indifferent to injuries that occurred. Defendant Stoa partook in the sexual harassment of a minor with the intent of causing injury. Defendant Stoa knowingly and intentionally promoted the sexual harassment of minors through physical touching, suggestive communications and posting of sexually indecent images of minors on the Oak Grove athletic social media sites. For the sake of decency, Plaintiff provides that the intentions of Defendant Stoa were indecent and the acts in which were sought were punishable by criminal law.

Defendant Stoa made multiple attempts to contact Plaintiff, through multiple mediums. Defendants were made aware of the attempted communications and were advised that Defendant Stoa was to cease contact with Plaintiff. At this juncture, Defendants continued to fail to protect the students at Oak Grove and Defendant Stoa took alternative means to attempt to contact Plaintiff going as far as contacting

her via a new medium in the middle of the night to avoid detection. Plaintiff again reported the incident and Defendants took no action.

"[A] damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *K.C. v. Mayo*, 983 F.3d 365, 368 (8th Cir. 2020). "An official in these circumstances must have 'actual notice' of the alleged 'sexual harassment' or 'sexual abuse'" to meet the standard for liability. *Cox v. Sugg*, 484 F.3d 1062, 1067 (8th Cir. 2007). The same standard applies to Title IX claims against a school. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998). It cannot be overstated. Defendant Slette had actual knowledge of Defendant Stoa's sexual harassment of minor students. Defendant Wolf had actual knowledge of Defendant Stoa's sexual harassment of minor students. Defendant Wolf had actual knowledge of Defendant Stoa's sexual harassment of minor students. Defendant Stoa had actual knowledge of all instances of his sexual harassment of minors. All Defendants individually and as a whole failed to institute corrective measures to adequately respond to the actions of Defendant Stoa.

It was not until Defendant Stoa was *caught*, arrested and charged that Defendants terminated his employment with Oak Grove and cut off his access to the

minor students that called the Oak Grove community their home for education. The incidences prior to Defendant Stoa being *caught* are numerous, against multiple students and vast in their quantity and methods used.

The Title IX deliberate indifference standard applies "where a plaintiff seeks to hold an institution liable for sexual harassment and requires the plaintiff to demonstrate that an official of the institution who had authority to institute corrective measures had actual notice of, and was deliberately indifferent to, the misconduct." *Doe v. Wash. Univ.*, 434 F. Supp. 3d 735, 756 (E.D. Mo. 2020), citing *Doe v. Trs. of the Univ. of Pa.,* 270 F. Supp. 3d 799 (E.D. Pa. 2017). A plaintiff must establish that the "the official's response to the alleged gender bias [was] clearly unreasonable in light of the known circumstances." *Id.* "[T]he deliberate indifference must, at a minimum, cause [students] to undergo harassment or make them liable or vulnerable to it." *Doe v. Wash. Univ.*, 434 F. Supp. 3d 735, 756 (E.D. Mo. 2020), citing *Doe v. Trustees of Bos. Coll.,* 892 F.3d 67, 93 (1st Cir. 2018). An institution is deliberately indifferent when its "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Davis v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629, 650, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999).

Defendants were required by law to have instituted a Title IX investigation into Defendant Stoa at the first report of sexual harassment that predated the sexual harassment to Plaintiff. Only Defendants have full knowledge of all reports made to

them in regard to Defendant Stoa's actions. The full extent of knowledge is fearsome and will only be brought to light through discovery. However, Plaintiff's reports are enough to trigger a legal requirement to initiate and Title IX investigation. Defendants were required by law to institute a Title IX investigation as a result of the sexual harassment that occurred to Plaintiff of which they had actual knowledge of. Defendant failed to do so leaving Plaintiffs and other student in imminent harm.

### 3. Title IX Retaliation

Plaintiff's, individual and through their parents as Plaintiffs were minors at the time complained to Defendant Slette, Defendant Wolf and Defendant Zachrison about the sexual harassment faced by Plaintiff as well as other Oak Grove students on multiple occasions. It is noteworthy that Plaintiff and their parents were not the only ones making complaints to Defendants regarding Defendant Stoa. Defendants had actual knowledge of Defendant Stoa's sexual advances on other Oak Grove students.

In *Jackson*, the Supreme Court found that Title IX implied a right of action for retaliation to enforce its prohibition on intentional discrimination, allowing litigants to seek monetary damages for individual violations of Title IX. *Jackson v. Birmingham Board of Education*, 544 U.S. 167, 173, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005). The intentional failure to initiate a Title IX investigation into Defendant Stoa by Defendants, with actual knowledge of his actions was a direct violation of

federal law. Plaintiffs, and their parents as they were minors at the time, sought out Defendants multiple times regarding their inaction in light of the sexual predator that was allowed to remain at Oak Grove with direct access to minor children. A sexual predator who sought out and targeted minor females for sexual exploitation.

To establish a prima facie case of retaliation a plaintiff must demonstrate that (1) he engaged in protected conduct; (2) he suffered a materially adverse action; and (3) the adverse act was causally linked to the conduct. *Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1069 (8th Cir. 2017). As a result of Plaintiff's seeking for Defendants to follow the law and initiate a Title IX investigation and take measure to protect the youth at Oak Grove, Plaintiffs were retaliated against when they were both dismissed from Oak Grove for their actions of complaining of sexual harassment and seeking Defendants to act to protect themselves and others. Plaintiffs have suffered severely as a result of Defendants unlawful actions.

### 4.  Title IX Damages

Under Title IX, an aggrieved individual has an implied right of action for both injunctive relief and money damages. *Cannon v. University of Chicago*, 441 U.S. 677, 688-89, 60 L. Ed. 2d 560, 99 S. Ct. 1946 (1979). *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 71-73, 117 L. Ed. 2d 208, 112 S. Ct. 1028 (1992).

Defendants seek to create law, stating that punitive damages or not allowed in a Title IX claim. No such law has been identified under Title IX, nor do Defendants

offer any supporting precedent on this court that suggests such. Defendants rely upon case law in support of a Title VII claim, Plaintiff brings forth no such claim. Defendants attempt to argue that both claims were enacted under the Spending Clause. While that is true, the claims are vastly different, which warranted the creation of different laws with different standards. As such, Defendants should not be entitled to create new law in regard to Title IX and Plaintiffs' claims for punitive damages should proceed under the current letter of the law.

Plaintiff acknowledges that under the recent ruling in *Cummings*, emotion distress damages sought under Title IX are no longer allowed. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). As such, Plaintiff did not request damages for such.

## C.    SUPPLEMENTAL JURISDICTION

Plaintiff has pled a valid Title IX claim. However, in the event that Plaintiff's Title IX claim is dismissed this Honorable Court should retain supplemental jurisdiction of Plaintiffs' state law claims as pled.

With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. 28 U.S.C.S. §1367(a), 28 U.S.C.S. §1367(c). A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary. 28 U.S.C.S. §1367(c).

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction" *Osborn v. Haley*, 549 U.S. 225, 245, 127 S. Ct. 881, 166 L. Ed. 2d 819 (2007). "Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction". *Id.* "[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims". *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40, 129 S. Ct. 1862, 1866-67 (2009).

### 1.  Negligence

An actionable claim for negligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge that duty, and a resulting injury proximately caused by the breach of duty. To establish an actionable negligence, the plaintiff must show the defendant had a duty to protect the plaintiff from injury. *Azure v. Belcourt Pub. Sch. Dist.*, 2004 ND 128, P9 (2004). Defendants had a duty of care owed to the Plaintiffs while Plaintiffs were in their care as students. Defendants' duty of care extends to after school activities

offered by Oak Grove such as school sponsored athletics. Defendant Stoa at all times operated in his capacity as an athletic coach employed by Defendant Oak Grove.

Defendant Oak Grove breached its duty owed to Plaintiff when it failed to take action with actual knowledge of Defendant Stoa's action and protect Plaintiffs, and other students, from a sexual predator acting as an athletic coach. As a result of Defendant Oak Grove's actions, Plaintiff Charlee Lang was sexually harassed on multiple occasions. As a result of Defendant Oak Grove's action, Plaintiffs were retaliated against and dismissed from Oak Grove. Plaintiffs' injuries are a direct result of Defendant Oak Groves negligent actions.

Defendant Slette breached his duty owed to Plaintiff when he failed to take action with actual knowledge of Defendant Stoa's action and protect Plaintiffs, and other students, from a sexual predator acting as an athletic coach. As a result of Defendant Slette's actions, Plaintiff Charlee Lang was sexually harassed on multiple occasions. As a result of Defendant Slette's action, Plaintiffs were retaliated against and dismissed from Oak Grove. Plaintiffs' injuries are a direct result of Defendant Slette's negligent actions.

Defendant Wolf breached his duty owed to Plaintiff when he failed to take action with actual knowledge of Defendant Stoa's action and protect Plaintiffs, and other students, from a sexual predator acting as an athletic coach. As a result of Defendant Wolf's actions, Plaintiff Charlee Lang was sexually harassed on multiple

occasions. As a result of Defendant Wolf's action, Plaintiffs were retaliated against and dismissed from Oak Grove. Plaintiffs' injuries are a direct result of Defendant Wolf's negligent actions.

Defendant Zachrison breached her duty owed to Plaintiff when he failed to take action with actual knowledge of Defendant Stoa's action and protect Plaintiffs, and other students, from a sexual predator acting as an athletic coach. As a result of Defendant Zachrison's actions, Plaintiff Charlee Lang was sexually harassed on multiple occasions. As a result of Defendant Zachrison's action, Plaintiffs were retaliated against and dismissed from Oak Grove. Plaintiffs' injuries are a direct result of Defendant Zachrison's negligent actions.

Plaintiffs had a right to a safe educational environment. Something that Defendants intentionally failed to provide in order to save the reputation of Oak Grove. To date, after serving time in corrections, the North Dakota sex offender registry lists Stoa as a moderate risk to the community.

### 2. Negligent Inflication of Emotional Distress

For a claim of negligent inflication of emotional distress, a "plaintiff claiming negligent inflication of emotional distress must show 'bodily harm.'" *Hougum v. Valley Mem'l Homes*, 1998 ND 24, 574 N.W.2d 812; Restatement (Second) of Torts § 436A (1965). "If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in

14

such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance." *Muchow v. Lindblad*, 435 N.W.2d 918 (N.D. 1989). "Bodily harm may be caused not only by impact or trauma, but also by **emotional stress**." *Id.* As a result of Defendants actions Plaintiff was required to seek out therapy to deal with the emotional damage that Plaintiff suffered. Plaintiff's emotional distress portrays itself through physical manifestations such as rapid heartbeat and trouble sleeping. Defendants' actions have caused Plaintiff insurmountable harm.

There are three elements of the tort of intentional infliction of emotional distress (1) extreme and outrageous conduct that is (2) intentional or reckless and that causes (3) severe emotional distress. *Muchow v. Lindblad*, 435 N.W.2d 918, 923-24 (N.D. 1989).

Defendant Stoa's sexual exploitation of a minor is extreme conduct, so extreme that it is punishable by North Dakota criminal law. Defendant Stoa's conduct was intentional. Defendant Stoa acted in a similar manner on multiple occasions and with multiple students. Defendant Stoa's actions caused emotional distress to Plaintiff in which she was required to seek therapy for.

Defendants Oak Grove, Slette, Wolf and Zachrison's conduct in failing to investigate a child predator with actual knowledge of his actions constitutes extreme and outrageous conduct. Defendants Oak Grove, Slette, Wolf and Zachrison were

knowledgeable of Defendant Stoa's sexually inappropriate content on an Oak Grove social media platform in which Defendant Stoa administered. Defendants failed to terminate Defendant Stoa at this juncture of knowledge, nor any prior juncture, instead giving Defendant Stoa further access to minor students to sexually exploit. Defendants Oak Grove, Slette, Wolf and Zachrison conduct was intentional. Oak Grove promotes itself as thriving on personal relationships and strong role models, care for each person as a child of God, and together reflect a spirit of accountability, trust and respect. Principals that are written text only, and not put into action on the campus. Defendants intentionally put the reputation of Oak Grove above the health and safety of their students resulting in severe emotional distress to Plaintiffs.

### D.   Evidence Provided by Plaintiff

Defendants have provided information in their Motion to Dismiss that has not been authenticated by Plaintiff. Namely, a July 19, 2021, letter regarding Plaintiff's dismissal from Oak Grove. Defendants state in the formal letter that Plaintiff's were dismissed due to inappropriate and disruptive behavior by the Lang family. The decision to dismiss the Plaintiff's came as a result of the Lang family seeking answers and change based on the sexual harassment in which their daughter and other Oak Grove students faced. The dismissal was retaliation for such, regardless of what the letter states on its face. The facts of which will be supported through

discovery on that matter. As such, Plaintiff requests that this Court disregard the evidence provided by Defendant at this time as it is improper.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss in its entirety. Plaintiff has laid out ample and adequate facts in the Amended Complaint to support Plaintiff's causes of action. Plaintiff requests this honorable court allow the preceding causes of action to move forward to discovery and set a trial date. Should this honorable Court deem Plaintiff's claims inadequate, Plaintiff requests leave to amend the Complaint.

Dated: July 5, 2023                                    Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*

17

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies that this brief complies with the requirements of D.N.D. L. Civ. R. 7.1(A)(1).

Dated: July 5, 2023                                  Respectfully Submitted,

                                                     */s/ Keith Altman*

## **CERTIFICATE OF SERVICE**

I, Keith Altman, do hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record as listed in the Service List in effect on the date of electronic filing.

SO CERTIFIED, this 5th day of July, 2023.

/s/ *Keith Altman*
Keith Altman, Esq.

19