IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| CHARLEE LANG; GREGORY LANG on behalf of minor daughter J.L., <br><br> Plaintiffs, <br><br> vs. <br><br> OAK GROVE LUTHERAN SCHOOL; et al., <br><br> Defendants. | Civil No. 3:23- cv-00019 <br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS OAK GROVE LUTHERAN SCHOOL, MICHAEL SLETTE, BRENT WOLF AND AIMEE ZACHRISON'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

\*\*\*           \*\*\*           \*\*\*

## I. INTRODUCTION

Defendants Oak Grove Lutheran School ("Oak Grove"), Michael Slette ("Slette"), Brent Wolf ("Wolf"), and Aimee Zachrison ("Zachrison") (collectively "Oak Grove Defendants") submit this memorandum of law in reply to *Plaintiff's Opposition to Motion to Dismiss ECF 37 and ECF 39* (doc. 41), and in support of *Defendants Oak Grove Lutheran School, Michael Slette, Brent Wolf and Aimee Zachrison's Motion to Dismiss Plaintiff's Second Amended Complaint* (doc. 39). Dismissal of Plaintiffs' Amended Complaint is warranted for failure to state a claim for which relief may be granted.

## II. ARGUMENT

### A. PLAINTIFFS' OFFICIAL CAPACITY CLAIMS AGAINST INDIVIDUAL DEFENDANTS MUST BE DISMISSED

"Plaintiff concedes that claims falling under the Title IX act are against Defendant Oak Grove only," (doc. 41 at p. 2) thereby conceding dismissal of the Title IX claims against the individual Defendants is warranted. However, Plaintiffs assert they are still proceeding with their

1

official capacity claims against the individual Defendants as to all other causes of action. As discussed in Oak Grove Defendants' principal brief (doc. 40 at pp. 10-11), any official-capacity claim against the individual Defendants fails as a matter of law as any such claims are effectively claims against their employer. As the individual Defendants' employer at the time of the events at issue, namely Oak Grove, is a named defendant, Plaintiffs' official-capacity claims against individual Defendants must be dismissed.

**B.     PLAINTIFFS FAIL TO ALLEGE PLAUSIBLE CLAIMS UNDER TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972 (COUNT ONE)**

  **1.     Any Title IX Claims Against Individual Defendants Must Be Dismissed As There Is No Implied Private Right Of Action Under Title IX Against School Officials, Teachers or Individuals**

Plaintiffs concede their Title IX claims against the individual Defendants are not viable and should be dismissed. (Doc. 41 at p. 2.)

  **2.     All Title IX Claims Against All Defendants Must Be Dismissed As Plaintiffs Have Not Alleged Facts Establishing Sex Discrimination**

Plaintiffs essentially concede they have not alleged facts establishing sex discrimination. Instead, Plaintiffs allege new matters not appearing in their Amended Complaint, allege matters which contradict the allegations in the Amended Complaint, and fail to include any citations to their pleadings. The following are but a few examples of allegations not appearing in the Amended Complaint:

- "Defendant Stoa sexually harassed numerous underage girls while acting within the capacity as the Oak Grove Athletic director." (Doc. 41 at p. 3.) This allegation does not appear in the Amended Complaint. Instead, Plaintiffs vaguely allege Stoa had "inappropriate interactions", "inappropriate contact", maintained "inappropriate content" or engaged in "inappropriate behavior" or "inappropriate actions" with underage female

2

students, and "inappropriately touched Charlee". (Amended Complaint [doc. 28] at ¶¶ 16, 22, 24, 29, 35, 37, 72, 73, 74, 75, 76.) Plaintiffs then incorrectly allege the legal conclusion that such factual allegations constituted sex-based discrimination or sexual harassment. Defendant Stoa was also never the Oak Grove Athletic Director.

- "Defendant Stoa was given direct and unsupervised access to the minors in which Defendants were entrusted to protect." (Doc. 41 at p. 3.) This allegation does not appear in the Amended Complaint.

- "Only when Defendant Stoa was arrested and subsequently convicted of multiple child sex crimes, was Defendant Stoa terminated from his position with Oak Grove." (Doc. 41 at pp. 3-4.) This allegation does not appear in the Amended Complaint, and contradicts Plaintiffs' allegations at paragraphs 43 and 44 of the Amended Complaint alleging "On February 12, 2021, Stoa was charged with possession of child pornography and promoting a sexual performance by a minor" and "[o]n February 13, 2021, President Slette made a public statement that the school had relieved Stoa from his coaching position and that he was barred from school premises."

- "Defendant Stoa had no reason to rub Plaintiff's back, nor her hair. Defendant Stoa did not have permission to act in such a way. It was inappropriate for an athletic coach to proposition a minor in such a way." (Doc. 41 at p. 4.) These allegations do not appear in the Amended Complaint, and the pleading does not describe the alleged touching of Charlee as "a proposition."

- "Students began reporting sexual harassment by Defendant Stoa to Oak Grove administration as early as 2015." (Doc. 41 at p. 4.) This allegation does not appear in the Amended Complaint. As discussed, Plaintiff instead alleges Stoa engaged in vague

3

"inappropriate" behavior/conduct etc., but no facts are alleged to establish any such conduct was sexual in nature.

- Defendants gave Stoa "unfettered access to minor students at Oak Grove, which he exploited." This allegation does not appear in the Amended Complaint.

- "Plaintiff felt sexually harassed when Defendant Stoa rubbed her back and her hair . . . ." (Doc. 41 at p. 5.) This allegation does not appear in the Amended Complaint.

- "Defendant Stoa had a reputation among the students at Oak Grove as making sexual advances on female students." This allegation does not appear in the Amended Complaint.

- "Defendants Slette, Wolf and Zachrison held positions at Oak Grove which allowed for them to institute remedial action to protect the students of Oak Grove[.]" (Doc. 41 at p. 5.) This allegation does not appear in the Amended Complaint.

- "Defendants Slette, Wolf and Zachrison all held actual knowledge of the sexual harassment that was occurring to the students at Oak Grove at the hands of Defendants Stoa." (Doc. 41 at p. 6.) This allegation does not appear in the Amended Complaint. Instead, Plaintiffs allege each of these individual Defendants "had actual knowledge of reports of Defendant Stoa's inappropriate interactions with the underage female students." (*Id*. at ¶¶ 74, 75, 76.)

The foregoing are just a few examples of Plaintiffs embellishment of their actual allegations in the Amended Complaint. Ultimately, as discussed in the Oak Grove Defendants' principal brief (doc. 40 at pp. 12-14) and above, the Amended Complaint fails to allege facts to support a plausible claim of sex discrimination or sexual harassment.

In addition, Plaintiffs do not address Defendants' argument (doc. 40 at p. 14) that Plaintiffs have not made a single allegation of fact of wrongful conduct amounting to sexual harassment of

Plaintiff J.L. Plaintiffs therefore concede J.L's claims of sexual harassment, sex discrimination, and sexual assault under Title IX, or otherwise, should be dismissed.

**3. <ins>Any Title IX Claim Of Discrimination In Regard To Admissions At Oak Grove Must Be Dismissed</ins>**

Plaintiffs do not address Oak Grove Defendants' arguments for dismissal of any claim pertaining to alleged discrimination in regard to admissions at Oak Grove. (Doc. 40 at p. 14.) Plaintiffs therefore concede dismissal of any such claim is warranted.

**4. <ins>Plaintiffs' Title IX Claims Must Be Dismissed For Lack Of Facts To Establish Oak Grove Had Prior Actual Knowledge Of A Substantial Risk of Sexual Harassment By Stoa, That Oak Grove Was Deliberately Indifferent To Such Actual Knowledge And Effectively Caused Any Plaintiff To Thereafter Be Subjected To Sex Discrimination</ins>**

As discussed above, Plaintiffs' Amended Complaint does not allege facts to support a plausible claim of sexual harassment, and therefore also fails to allege Oak Grove had actual prior knowledge of any such conduct by Stoa. In addition, as discussed in Oak Grove Defendants' principal brief (doc. 40 at pp. 15-18), Plaintiffs' factual allegations, even if true, 1) do not objectively establish sexual misconduct or the school's advance actual knowledge such had occurred or was likely to occur; 2) do not allege the location where Stoa's alleged inappropriate touching of Charlee's hair and rubbing of her back occurred, and are therefore insufficient to establish Oak Grove controlled both Stoa and the environment/context in which the alleged harassment occurred; and 3) Plaintiffs admit that immediately after Stoa was criminally charged in February of 2021, years after the events involving Plaintiffs, Oak Grove terminated Stoa's employment and banned him from school premises.

**5. <ins>Plaintiffs' Title IX Claims Against Oak Grove Must Be Dismissed For Lack Of Facts To Establish Stoa's Alleged Conduct Involving Charlee Was So Severe, Pervasive, And Objectively Offensive That It Can Be</ins>**

5

**Said To Deprive Plaintiffs Of Access To The Educational Opportunities Or Benefits Provided By Oak Grove**

Plaintiffs completely fail to address the Title IX claim requirement that the alleged sexual harassment was so severe, pervasive, and objectively offensive that it can be said to deprive Plaintiffs of access to the educational opportunities or benefits provided by Oak Grove. (Doc. 40 at pp. 18-19.) *See Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 650 (1999) (a funding recipient can only be held liable for damages under Title IX "where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive victims of access to the educational opportunities or benefits provided by the school.") By failing to address this issue, Plaintiffs concede their Title IX claim should be dismissed.

**6.     Plaintiffs Fail To Allege A Plausible Title IX Retaliation Claim**

As discussed in Oak Grove Defendants' principal brief (doc. 40 at pp. 19-20), Plaintiffs' claim of retaliation under Title IX fails as a matter of law because Plaintiffs do not allege in their Amended Complaint they ever complained to any Oak Grove Defendant about being subjected to conduct which actually constituted sex discrimination. Plaintiffs' Title IX retaliation claim therefore fails as a matter of law.

**7.     Plaintiffs' Claim For Punitive Damages Under Title IX Must Be Dismissed**

Plaintiffs do not challenge the law discussed in Oak Grove Defendants' principal brief addressing the recoverability of punitive damages under Title IX (doc. 40 at pp. 20-22). Instead, Plaintiffs argue the Court should apply the current letter of the law. (Doc. 41 at p. 11.) The problem with Plaintiffs' position is that there is no established letter of the law currently on this issue from the Supreme Court of the United States or Eighth Circuit Court of Appeals, as discussed

in Oak Grove Defendants' principal brief. For the reasons discussed in Oak Grove's principal brief, it is highly probable that both the Supreme Court and Eighth Circuit will ultimately follow the logic of the decisions in *Barnes v. Gorman*, 536 U.S. 181 (2002) and *Cummings v Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022) in relation to claims under other Spending Clause legislation to conclude punitive damages are not available under Title IX. Therefore, Plaintiffs' demand for punitive damages in relation to their Title IX claims, even assuming their Title IX claims are otherwise viable, should be dismissed as a matter of law as Title IX was also enacted pursuant to Spending Clause legislation.

### 8. Any Claim For Emotional Distress Damages Under Title IX Must Be Dismissed

Plaintiffs admit their claim for emotional distress damages under Title IX must be dismissed. (Doc. 41 at p. 11.)

### C. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

The parties are in agreement this Court has discretion whether to exercise supplemental jurisdiction over Plaintiffs' state law claims should all federal claims be dismissed. As discussed in Oak Grove Defendants' principal brief, and below, should the Court elect to exercise supplemental jurisdiction, Plaintiffs' state law claims also fail as a matter of law and should be dismissed.

### D. PLAINTIFFS FAIL TO ALLEGE A PLAUSIBLE NEGLIGENCE CLAIM (COUNT TWO)

Plaintiffs' negligence claims are premised upon the legal conclusion Charlee was sexually harassed by Stoa. As discussed, the pure allegations of fact as described as interactions between Stoa and Charlee did/do not constitute sexual harassment or discrimination, as a matter of law. In addition, as discussed in Oak Grove Defendants' principal brief (doc. 40 at p. 24), Plaintiffs' pure

allegations of fact do not establish any Oak Grove Defendant was aware of any risk of sexual harassment of Charlee by Stoa before Stoa's alleged conduct at issue occurred. Further, because there are no factual allegations reflecting an incident in which J.L. suffered an injury resulting in damages, Plaintiffs have failed to plausibly assert a state law negligence claim for J.L. warranting dismissal. Plaintiffs have failed to allege facts upon which relief may be granted.

### E. PLAINTIFFS FAIL TO ALLEGE A PLAUSIBLE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

Plaintiffs fail to address Defendants' arguments for dismissal of their intentional infliction of emotional distress claim, thereby conceding dismissal thereof is appropriate.

### F. PLAINTIFFS FAIL TO ALLEGE A PLAUSIBLE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM

Plaintiffs do not allege facts in their Amended Complaint establishing "bodily injury" as required to support a negligent infliction of emotional distress claim, thereby warranting dismissal of this claim as a matter of law. Plaintiffs' attempt to save this claim by asserting in their opposition brief new allegations that "[a]s a result of Defendants actions Plaintiff was required to seek out therapy to deal with the emotional damage that Plaintiff suffered. Plaintiff's emotional distress portrays itself through physical manifestations such as rapid heartbeat and trouble sleeping." (Doc. 41 at p. 15.) Notably, even these new allegations, not found in the Amended Complaint, do not assert Plaintiff actually engaged in therapy, but rather only sought it out. The new allegations also do not establish any physical manifestation was "anything other than transitory phenomena, rather than long, continuing ailments amounting to physical ailments[]" as required to support such a claim. *See Hysjulien v. Hill Top Home of Comfort, Inc*. 2013 ND 38, ¶ 45, 827 N.W.2d 533. In addition, Plaintiffs do not allege any facts reflecting an incident in which

8

J.L. suffered a bodily injury resulting in damages.  Plaintiffs have failed to plausibly assert a state law claim for negligent infliction of emotional distress.

### G. PLAINTIFFS' REQUESTS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED

Plaintiffs do not address Oak Grove Defendants' arguments for dismissal of their request for injunctive relief (doc. 40 at pp. 28-30), thereby conceding dismissal is appropriate.

### H. JULY 19, 2021 LETTER (DOC. 16-1)

Plaintiffs object to Oak Grove Defendants' submission of a July 19, 2021 letter from Oak Grove Lutheran School to Greg and Sara Lang (parents of Plaintiffs) (doc. 16-1) in support of Oak Grove Defendants' pending Rule 12 motion to dismiss on the basis such letter has not be authenticated by Plaintiff.  (Doc. 41 at p. 16.)  As discussed in Oak Grove Defendants' principal brief (doc. 40 at p. 7, fn. 2), Plaintiffs' retaliation claim is centered upon the alleged contents of this letter, expressly identified by Plaintiffs in paragraph 51 of the Amended Complaint.   Such letter is integral to Plaintiffs' retaliation claim and this Court may consider it without converting this Rule 12 motion to one for summary judgment under Rule 56.  If the Court disagrees, Oak Grove Defendants request the Court not consider this letter and rule on the pending motions under Rule 12 only.

### I. PLAINTIFFS' ALTERNATIVE REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

In their conclusion, Plaintiffs request leave to amend their Amended Complaint in the event the Court deems Plaintiffs' pleading inadequate.  (Doc. 41 at p. 17.)  This request should be denied.  First, "[l]eave to amend generally is inappropriate . . . where the plaintiff has not indicated how [he] would make the compliant viable, either by submitting a proposed amendment or indicating somewhere in [his] court filing what an amended complaint would have contained." *Mitchell v.*

*Kirchmeier*, 28 F.4th 888, 903 (8th Cir. 2022) (quoting *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (upholding district court's denial of plaintiff Mitchell's request to amend pleadings as alternative to dismissal with prejudice in responding to Rule 12 motion to dismiss as plaintiff did not submit a proposed amended complaint nor clarified what one might have contained.)   Plaintiffs have not submitted a proposed Third Amended Complaint for this Court's consideration.  Although Plaintiffs embellish upon their allegations in their opposition brief, those embellishments are essentially legal conclusions (i.e. allegations of sex discrimination or sexual harassment) without factual substance which, even if true, would be insufficient to allege plausible claims.  Second, Plaintiffs have already amended their original Complaint in response to Defendants' original Rule 12 motions to dismiss which essentially asserted the very same arguments for dismissal.  Plaintiffs have already had an opportunity to cure the defects in their pleadings at issue, requiring Defendants to prepare and file Rule 12 motions to dismiss twice.

### III.   CONCLUSION

For the reasons discussed above, Oak Grove Defendants request the Court dismiss all of Plaintiffs' claims arising under federal law, and refuse to exercise supplemental jurisdiction over Plaintiffs' claims arising under state law.  In the alternative, Oak Grove Defendants request all of Plaintiffs' claims as against all Defendants be dismissed, in their entirety, as a matter of law.

Dated the 1st day of August, 2023.

BAKKE GRINOLDS WIEDERHOLT

By:   */s/ Shawn A. Grinolds*
Shawn A. Grinolds (#05407)
300 West Century Avenue
P.O. Box 4247
Bismarck, ND 58502-4247
(701) 751-8188

sgrinolds@bgwattorneys.com

Attorney for Oak Grove Lutheran School, Michael Slette, Brent Wolf and Aimee Zachrison

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS OAK GROVE LUTHERAN SCHOOL, MICHAEL SLETTE, BRENT WOLF AND AIMEE ZACHRISON'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** was on the 1st day of August, 2023, was filed electronically with the Clerk of Court through ECF.

Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road, Ste 375
Farmington Hills, MI 48334
keithaltman@kaltmanlaw.com

William P. Harrie
Nilles Law Firm
1800 Radisson Tower
P.O. Box 2626
Fargo, ND 58108
wharrie@nilleslaw.com

By: */s/ Shawn A. Grinolds*
SHAWN A. GRINOLDS