IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| CHARLEE LANG; GREGORY LANG on behalf of minor daughter J.L.;<br><br>*Plaintiffs,*<br><br>v.<br><br>OAK GROVE LUTHERAN SCHOOL, through its Board of Regents; DANIEL STOA, in his official and individual capacity; MICHAEL SLETTE, in his official and individual capacity; BRENT WOLF, in his official and individual capacity; AMIEE ZACHIRSON, in her official and individual capacity,<br><br>*Defendants.* | Case No. 3:23-cv-00019-ARS<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIEL STOA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

## INTRODUCTION

Pending before this Court is a Motion to Dismiss Plaintiffs' Amended Complaint filed by the Oak Grove Defendants and Defendant Daniel Stoa. In response to the Motion to Dismiss Plaintiffs' Amended Complaint, Plaintiffs served and filed *Plaintiffs' Opposition to Motion to Dismiss ECF 37 and ECF 39 (Doc. Id. # 41).*

In response, Oak Grove Defendants have served and filed a Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Complaint. The Reply Memorandum of Oak Grove Defendants adequately addresses the separate claims made against Defendant Daniel Stoa, and thus, Defendant Daniel Stoa joins in Oak Grove Defendants' Reply Memorandum.

Specifically, Oak Grove Defendants contend that dismissal of Plaintiffs' Amended Complaint is warranted for failure to state a claim upon which relief may be granted. Defendant

1

Stoa agrees and files this Reply Memorandum of Law in Support of his Motion to Dismiss Plaintiffs' Amended Complaint.

**ARGUMENT**

First, Oak Grove Defendants allege that Plaintiffs' fail to allege plausible claims under Title IX of the Education Act Amendments of 1972 (Count One), because Plaintiffs concede their Title IX claims against the individual Defendants are not viable and should be dismissed. *(Doc. Id. #41, p. 2)*. Specifically "Plaintiff concedes that claims falling under Title IX Act are against Defendant Oak Grove only, pursuant to statute." *Id.* Thus, it is not necessary to address the Title IX Claims.

Second, Defendant Stoa agrees with the position of Oak Grove Defendants that the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims. As correctly noted by Oak Grove Defendants, Plaintiffs fail to allege a plausible negligence claim as Plaintiffs' negligence claims are premised upon the legal conclusion that Charlee was sexually harassed by Defendant Daniel Stoa. The Plaintiffs' Amended Complaint allege Stoa engaged in the following conduct directed at Plaintiffs:

13. Charlee joined the varsity track team in 8th grade and began to report inappropriate behavior by male track coach, Coach Daniel Stoa ("Stoa"), including touching her hair and rubbing her back.

14. Charlee's parents advised Charlee to maintain a distance from Stoa and to report any further incidents.

15. After Stoa had sent Charlee a Snapchat friend request at 3 A.M., Mr. Lang contacted Oak Grove's Athletic Director Brent Wolf to report the incident.

\* \* \*

17. During the 2019 track season, Defendant Stoa began attempting to contact Charlee via the social media application Snapchat.

18. Defendant Stoa began attempting to communicate with Charlee via text messaging.

19. Charlee refused all communications from Defendant Stoa and Plaintiff's reported the incidents to Defendant Wolf.

20. Mr. Lang subsequently reported the incidents to Defendant Oak Grove, Defendant Slette and Defendant Zachirson [sic].

*(Amended Complaint, Doc. Id. #28 at ¶¶13-15, 17-20).*

These allegations are the sum total of all allegations of "fact" regarding Defendant Stoa's alleged wrongful conduct involving any Plaintiff. There is no alleged wrongful conduct on the part of Defendant Stoa in relation to Plaintiff J.L. The pure allegations of fact concerning Defendant Stoa's conduct in touching Charlee's hair and rubbing her back on one occasion is not inherently sexual nor abusive in nature. Therefore, the allegations of fact as described as interactions between Defendant Stoa and Charlee do not constitute sexual harassment or discrimination as a matter of law. Oak Grove Defendants correctly note that the *Plaintiffs' Opposition to Motion to Dismiss* alleges new matters not appearing in their Amended Complaint, alleges matters which contradict the allegations in the Amended Complaint, and fail to include any citations to their pleadings.

The Plaintiffs' Amended Complaint alleges a hodge podge of unrelated events involving non-parties spanning a period of several years in a shotgun attempt to cobble together a plausible claim for relief. The Plaintiffs apparently recognize that they have not succeeded in making a plausible claim for relief, so they are now making further unsubstantiated allegations that do not even appear in the Amended Complaint in an effort to avoid the Motion to Dismiss Plaintiffs' Amended Complaint. This futile attempt should be summarily rejected because the Amended Complaint fails to allege facts to support a plausible claim of sexual discrimination or sexual harassment against Defendant Stoa or any of the Oak Grove Defendants.

As Oak Grove Defendants correctly point out, Plaintiffs fail to allege a plausible negligence claim, which is premised upon the legal conclusion that Charlee was sexually harassed by Defendant Stoa. All such claims are premised upon the legal conclusion that Charlee was sexually harassed by Defendant Stoa. The pure allegations of fact as described as interactions between Stoa and Charlee do not constitute sexual harassment or discrimination as a matter of law. Plaintiffs have also failed to allege a plausible claim of intentional infliction of emotional distress and a plausible claim of negligent infliction of emotional distress for the reasons stated in the Reply Memorandum of Oak Grove Defendants.

Therefore, this Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims because the Plaintiffs have failed to allege plausible negligence claims or claims based upon negligent or intentional infliction of emotional distress.

Finally, Defendant Stoa agrees with Oak Grove Defendants' argument that Plaintiffs' alternative request for leave to amend should be denied. Oak Grove Defendants correctly note that although Plaintiffs embellish upon their allegations in their Memorandum in Opposition to the Motion to Dismiss, those embellishments are essentially legal conclusions (i.e. allegations of sex discrimination or sexual harassment) without factual substance which, even if true, would be insufficient to allege plausible claims. Second, Plaintiffs already amended their original Complaint and already had an opportunity to cure the defects in their pleadings at issue, requiring Defendants to prepare and file Rule 12 Motions to Dismiss twice. The Plaintiffs should not be given another bite at the apple to raise more unsubstantiated allegations against Defendants, including Defendant Stoa.

## CONCLUSION

For the reasons stated above, and in Oak Grove Defendants' Reply Memorandum, this Court should dismiss all of Plaintiffs' claims arising under federal law, and refuse to exercise supplemental jurisdiction over Plaintiffs' claims arising under state law.  Alternatively, Defendant Stoa requests all of Plaintiffs' claims as against all Defendants be dismissed, in their entirety, as a matter of law.

Dated this 1st day of August, 2023.

    */s/ William P. Harrie*_____
William P. Harrie, ND ID#04411
Nilles Law Firm
1800 Radisson Tower
201 North Fifth Street
P.O. Box 2626
Fargo, ND 58108-2626
Phone: 701-237-5544
E-Mail:  wharrie@nilleslaw.com
Attorneys for Defendant Daniel Stoa

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIEL STOA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** was on the 1st day of August, was filed electronically with the Clerk of Court through ECF.

    Keith Altman
    The Law Office Keith Altman
    33228 West 12 Mile Road, Ste. 375
    Farmington Hills, MI 48334
    keithaltman@kaltmanlaw.com

    Shawn A. Grinolds
    BAKKE GRINOLDS WIEDERHOLT
    300 West Century Avenue
    P.O. Box 4247
    Bismarck, ND 58502-4247
    sgrinolds@bgwattorneys.com

                                        */s/ William P. Harrie*_____
                                        William P. Harrie, ND ID#04411
                                        Nilles Law Firm
                                        1800 Radisson Tower
                                        201 North Fifth Street
                                        P.O. Box 2626
                                        Fargo, ND 58108-2626
                                        Phone: 701-237-5544
                                        E-Mail:  wharrie@nilleslaw.com
                                        Attorneys for Defendant Daniel Stoa