**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| Charlee Lang, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING MOTIONS TO** |
| | ) | **DISMISS** |
| vs. | ) | |
| | ) | Case No. 3:23-cv-19 |
| Oak Grove Lutheran School, through its | ) | |
| Board of Regents, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Oak Grove Lutheran School, Michael Slette, Brent Wolf, and Aimee Zachirson and Defendant Daniel Stoa move to dismiss Plaintiffs Charlee Lang's and Gregory Lang's (on behalf of his minor daughter J.L.), amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 37; 38. The Langs oppose the motions. Doc. 41. For the reasons below, the motions are granted.

I.      **FACTUAL BACKGROUND**

This case involves a now-former school employee's alleged sexual harassment of two former students at Oak Grove Lutheran School ("Oak Grove") and Oak Grove officials' knowledge of that alleged harassment. The alleged harasser is Daniel Stoa, a former track coach at Oak Grove ("Coach Stoa"). The two former students are Charlee Lang ("Charlee") and J.L., a minor represented by her father, Gregory Lang ("Mr. Lang"). The Oak Grove officials are President Michael Slette ("President Slette"), Activities Director Brent Wolf ("Activities Director Wolf"), and Superintendent Aimee Zachirson ("Superintendent Zachirson").

The facts are taken from the amended complaint and are accepted as true for the purposes of deciding this motion. Doc. 28. Charlee joined Oak Grove's varsity track team in eighth grade,

and as alleged, she "began to report inappropriate behavior" by Coach Stoa "including touching her hair and rubbing her back." <u>Id.</u> ¶ 13. Charlee's parents advised her to "maintain a distance from [Coach] Stoa and to report any further incidents." <u>Id.</u> ¶ 14.

During the 2019 track season, Coach Stoa allegedly sent Charlee a Snapchat friend request at 3:00 a.m. and attempted to contact her through text message, but Charlee "refused all communications" with him. <u>Id.</u> ¶¶ 15-19. Mr. Lang allegedly reported these incidents to Superintendent Zachirson, President Slette, and Activities Director Wolf. <u>Id.</u> ¶¶ 15, 20. Around this time, Mr. Lang learned other parents had reported "concerns regarding [Coach Stoa]" to President Slette, Activities Director Wolf, and other Oak Grove officials since 2015. <u>Id.</u> ¶ 21

The amended complaint alleges other parents reported to Oak Grove their concerns about Coach Stoa's "inappropriate behavior of a sexual nature . . . directed toward minor female students." <u>Id.</u> ¶ 22. The alleged inappropriate behavior included Coach Stoa's use of a social media account to engage with content involving "indecent minor girls"; contacting students through social media and text messaging late at night; and liking a student's profile on a dating application and sending the student a screenshot of her profile with the comment, "look what I found." <u>Id.</u> ¶¶ 23-38. The Langs allege that, in 2016, a father of an Oak Grove student notified the school that Coach Stoa had "inappropriate contact with his minor daughter." <u>Id.</u> ¶ 29.

In March 2020, Mr. Lang wrote a letter to Oak Grove's Board of Regents and Evangelical Lutheran Church in America to report "Oak Grove and the [m]isconduct of the administration." <u>Id.</u> ¶ 39. The Board of Regents took no action. <u>Id.</u> ¶ 42.

In February 2021, Coach Stoa was charged with possession of child pornography in North Dakota state court. <u>Id.</u> ¶ 43. The next day, President Slette terminated Coach Stoa's employment with Oak Grove, barred him from school premises, and stated his criminal charge "did not have

any connection with any Oak Grove students." Id. ¶¶ 42-43. This last claim, according to the amended complaint, "directly contradict[ed] all previous reports from Oak Grove families." Id. ¶ 45. Sometime later, Mr. Lang met with President Slette regarding concerns that "Oak Grove failed to initiate an investigation and protect its students." Id. ¶ 46. According to the amended complaint, Oak Grove did not alert North Dakota law enforcement to Coach Stoa's previous incidents with students, but "[a]fter the investigators discovered [Coach] Stoa's previous inappropriate online activity involving minor female students, [Coach] Stoa changed his plea to guilty." Id. ¶¶ 48, 49.

On July 19, 2021, Oak Grove sent a letter to Mr. and Mrs. Lang. It is alleged that, in the letter, Oak Grove stated J.L. was not permitted to enroll at Oak Grove for the upcoming school year. Id. ¶ 58. Charlee was permitted to enroll but only if she attended weekly meetings with Oak Grove administrators, and Mr. and Mrs. Lang received written permission from Oak Grove before entering school property. Id. ¶¶ 52-53. Failure to abide by these conditions, Oak Grove allegedly wrote, would result in Charlee's expulsion. Id. ¶ 54. Mr. and Mrs. Lang did not accept Oak Grove's offer and enrolled both Charlee and J.L at a different school for the 2021-2022 school year. Id. ¶ 60.

Charlee and Mr. Lang, on behalf of J.L., filed this lawsuit on January 23, 2023, and filed an amended complaint on May 15, 2023. Doc. 1; 28. In their amended complaint, Charlee and J.L. allege federal sexual harassment and retaliation claims in violation of Title IX against Oak Grove and state law claims of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress against all Defendants.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 8(a) requires a pleading to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." But a complaint may be dismissed for "failure to state a claim upon which relief can be granted," and a party may raise that

defense by motion. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570.

### A.    Title IX

Charlee and J.L. plead two violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX")—sexual harassment and retaliation. The Oak Grove Defendants and Stoa move to dismiss both claims, asserting the amended complaint fails to plausibly allege the claims.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX applies to "a recipient of federal funds." Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 640 (1999). In exchange for federal funds, a recipient—here, Oak Grove—"promise[s] not to discriminate" on the basis of sex. See Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 275 (1998). Private individuals can sue a federal funds recipient for not keeping its promise, but a federal funds recipient is liable "only for its own misconduct." Davis, 526 U.S. at 640. Because Oak Grove is the only federal funds recipient, it is the only proper Title IX defendant.[1] See Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257 (2009).

---

[1] The parties agree on this point. The Langs assert Title IX claims in their amended complaint against "Defendant Oak Grove et al." but since clarified the Title IX claims are against only Oak

Charlee and J.L. allege Oak Grove broke its promise to not engage in sex discrimination in two ways. One, Oak Grove knew of Coach Stoa's sexual harassment but "condoned" his behavior and failed to take remedial actions. And two, Oak Grove retaliated against Charlee and J.L. by not allowing them to enroll for the 2021-2022 school year because they reported Coach Stoa's sexual harassment.

### 1.    Sexual Harassment

Title IX prohibits schools from subjecting students to sex discrimination "under any education program or activity." 20 U.S.C. § 1681(a). The Supreme Court has interpreted "Title IX's guarantee of equal access" to mean that "students must not be denied access to educational benefits and opportunities on the basis of gender." Davis, 526 U.S. at 650. Sexual harassment violates Title IX's prohibition on sex discrimination when it effectually denies "the victim equal access to an educational program or activity." Id. at 652.

Whether a victim of sexual harassment is denied "Title IX's guarantee of equal access" to educational programs is "necessarily affect[ed]" by the "the relationship between the harasser and the victim." Id. at 653. In cases of student-on-student harassment, the sexual harassment must be "severe, pervasive, and objectively offensive." Id. at 652. The Supreme Court crafted this test in recognition of "the practical realities" of student relationships and the differences between "insults, banter, [and] teasing" and sustained abusive behavior. See id. at 652-53. But teacher-student relationships are different. Id. In cases of teacher-on-student harassment, "it can more easily be presumed" the teacher's harassment would offend Title IX "because teachers are at the core of a student's access to and experience of education." Wamer v. Univ. of Toledo, 27 F.4th 461, 471 (6th Cir. 2022); see also Davis, 526 U.S. at 653; Doe v. Pawtucket Sch. Dep't, 969 F.3d 1, 11 (1st

---

Grove. Doc. 41, p. 2. To the extent the amended complaints reads otherwise, those claims are dismissed.

Cir. 2020);  Sauls v. Pierce Cnty. Sch. Dist., 399 F.3d 1279, 1284 (11th Cir. 2005). That said, even if less is required, "some degree of severity or pervasiveness must be present in order for harassment to result in 'exclusion' or 'discrimination' under Title IX." Pawtucket Sch. Dep't, 969 F.3d at 11 (internal brackets and citation omitted).

If a teacher sexually harasses a student, a federal funds recipient is not liable for the teacher's actions but "only for its own misconduct." Davis, 526 U.S. at 640. For that reason, a federal funds recipient must have "actual notice" of sexual harassment or a substantial risk of sexual harassment and respond with "deliberate indifference."[2] Gebser, 524 U.S. at 290. The federal funds recipient's deliberate indifference must then "cause [students] to undergo harassment or make them liable or vulnerable to it." Davis, 526 U.S. at 644-45 (alterations in original). This last requirement means there must be a "causal nexus" between Oak Grove's deliberate indifference and Charlee and J.L. experiencing discrimination. See K.T. v. Culver-Stockton Coll., 865 F.3d 1054, 1058 (8th Cir. 2017).

Altogether, Charlee and J.L. must plausibly plead Coach Stoa's behavior rose "to the level of actionable 'harassment.'" Davis, 526 U.S. at 65. They must also plausibly plead (1) Oak Grove—through an "appropriate person"—had "actual notice" of Coach Stoa's sexual harassment or knew he posed a substantial risk of sexual harassment, (2) Oak Grove was "deliberately indifferent" to it, and (3) Oak Grove's deliberate indifference caused them to "undergo harassment or make them liable or vulnerable to it." Gebser, 524 U.S. at 290-91; Davis, 526 U.S. at 645.

---

[2] The Tenth Circuit recently noted that "[c]ourts are divided as to whether actual knowledge of a substantial risk of abuse can satisfy the actual notice requirement or whether knowledge of harassment that violates Title IX is necessary." Forth v. Laramie Cnty. Sch. Dist. No. 1, No. 21-8078, 2023 WL 7312425, at *7 n.7 (10th Cir. Nov. 7, 2023) (collecting cases). The Eighth Circuit has not weighed in on this issue, but it does not affect the merits here.

As an initial matter, J.L. does not allege she was sexually harassed while at Oak Grove. So, her Title IX claim based on sexual harassment, brought through Mr. Lang, is dismissed without prejudice.

Charlee alleges Coach Stoa engaged in "inappropriate behavior" including "touching her hair and rubbing her back" when she was in the 8th grade. Doc. 28 ¶ 13. She "began to report" this behavior, but it is unclear whom she told. Id. Later, in 2019, Charlee alleges Coach Stoa sent her a Snapchat friend request at 3:00 a.m. and attempted to contact her through text message, but she "refused all communications" with him. Id. ¶ 15-19. Mr. Lang allegedly reported this incident to Superintendent Zachirson, President Slette, and Activities Director Wolf. Id. ¶¶ 15, 20.

Oak Grove argues these allegations are "not inherently sexual, nor harassing in nature." Doc. 40, p. 13. It asserts that Coach Stoa's alleged behavior toward Charlee, even if accepted as true, is not actionable sexual harassment and did not "deprive Charlee of access to the education opportunities or benefits provided by Oak Grove." Id. at 19.

 The Court agrees. Charlee's sole allegation that Coach Stoa touched her hair and rubbed her back contains few, if any, details. She alleges the contact was an instance of "inappropriate behavior" but does not state when, where, or why it occurred. And, without more, one cannot reasonably infer Coach Stoa's non-intimate physical contact with Charlee was a "proposition" or "sexual advance," as it is described in the Langs' briefing. See e.g., Davis v. DeKalb Cnty. Sch. Dist., 233 F.3d 1367, 1373 (11th Cir. 2000) (complaint of physical education teacher's "incidental touching during an athletic event" did not give school notice of ongoing sexual harassment); Lopez v. Whirlpool Corp., 989 F.3d 656, 663 (8th Cir. 2021) (male's repeated touching of female colleague's back, invasion of her personal space, and suggestive comments insufficient for Title VII claim).

7

Importantly, even if Charlee plausibly pleaded that Coach Stoa's inappropriate behavior was actionable sexual harassment, that Oak Grove had actual notice after she "began to report" it and was deliberately indifferent in response, she must still allege a causal connection between Oak Grove's deliberate indifference and further discrimination on the basis of sex.[3] See Culver-Stockton Coll., 865 F.3d at 1058.

Here, no causal connection has been alleged. Charlee alleges only one other interaction between her and Coach Stoa. In 2019, Coach Stoa attempted to contact her through social media and text message. The amended complaint does not state whether this attempt occurred once or multiple times and does not provide any content or details as to the alleged messages. This is not enough specificity to reasonably infer a causal connection between Oak Grove's alleged deliberate indifference and any further harassment, or that Coach Stoa's attempts were actionable sexual harassment.

The Court recognizes "[c]onduct that might not be actionable under Title IX if perpetrated by a student might be . . . if perpetrated by a person in authority." Pawtucket Sch. Dep't, 969 at 11. Even with this in mind, sexual harassment is actionable under Title IX only if it denies "the victim equal access to an educational program or activity." Davis, 526 U.S. at 652 (1999). And "some degree of severity or pervasiveness must be present in order for harassment to result in 'exclusion' or 'discrimination' under Title IX." Pawtucket Sch. Dep't, 969 F.3d at 10 (internal brackets and citation omitted). Charlee's limited allegation that Coach Stoa touched her hair and

---

[3] The Sixth Circuit has held, in cases of teacher-student sexual harassment, a plaintiff need only plead "an objectively reasonable fear of further harassment caused the plaintiff to take specific reasonable actions to avoid harassment, which deprived the plaintiff of the educational opportunities available to other students." Wamer, 27 F.4th at 471. But even under this standard, the amended complaint does not allege Charlee took "specific steps" to avoid harassment that deprived her of educational opportunities available to other students.

back and later attempted to contact her through Snapchat and text message does not plausibly allege a violation of Title IX.

Lastly, the Langs allege in their responsive brief that Coach Stoa "preyed on numerous underaged students while employed at Oak Grove" and "numerous other students were harmed at the hands of Defendants." Doc. 41, p. 8. Their amended complaint, too, refers to Coach Stoa's inappropriate interactions with other students. Doc. 28. But Charlee can only bring claims of discrimination specific to her; other students "must assert [their] own legal rights." Kelley v. Iowa State Univ. of Sci. & Tech., 311 F. Supp. 3d 1051, 1060 (S.D. Iowa 2018) (former school employee lacked standing to assert Title IX claims on behalf of students). The amended complaint fails to plausibly allege a sexual harassment claim under Title IX. As a result, the motion to dismiss is granted, and the claim is dismissed without prejudice.

### 2.    Retaliation

Charlee and J.L. next allege that Oak Grove violated Title IX by retaliating against them for complaining of Coach Stoa's sexual harassment. In Jackson v. Birmingham Board of Education, the Supreme Court held retaliation against an individual for complaining of sex discrimination is itself an act of sex discrimination. 544 U.S. 167 (2005). "To state a claim for retaliation, a plaintiff must establish (1) that she engaged in protected activity, (2) that the funding recipient took a materially adverse action against her, and (3) that there was a but-for causal connection between her protected activity and the materially adverse action." Du Bois v. Bd. of Regents of Univ. of Minnesota, 439 F. Supp. 3d 1128, 1136 (D. Minn. 2020), aff'd, 987 F.3d 1199 (8th Cir. 2021).[4]

---

[4] The Eighth Circuit has "never specifically articulated what a plaintiff must plead to establish a cause of action for retaliation under Title IX." Du Bois, 987 F.3d at 1203. The minimum

If the protected activity occurred close in time to the materially adverse action, there can be an inference of causality. See Buytendorp v. Extendicare Health Servs., Inc., 498 F.3d 826, 836 (8th Cir. 2007); see also Du Bois, 439 F. Supp. 3d at 1139. But "the inference of retaliation becomes weaker and requires stronger alternate evidence of causation" as time passes, and it "vanishes altogether when the time gap between the protected activity and the adverse . . . action is measured in months." Tyler v. Univ. of Ark. Bd. of Trustees, 628 F.3d 980, 986 (8th Cir. 2011). Without an inference of causation, a plaintiff must plead facts that connect the protected activity to the materially adverse action. See Du Bois, 439 F. Supp. 3d at 1139.

The materially adverse action here is clear: On July 19, 2021, Oak Grove did not permit J.L. to enroll for the 2021-2022 school year, and Charlee could enroll only under certain conditions. Doc. 28 ¶ 58. So, the Langs must plausibly connect that action to a "protected activity."

The Langs do not identify a particular protected activity in their responsive brief, but their amended complaint alleges several potential candidates. Mr. Lang allegedly reported Coach Stoa's attempts to contact Charlee in 2019, wrote a letter to Oak Grove's Board of Regents in March 2020, and met with President Slette after Coach Stoa's charge of possession of child pornography sometime after February 2021. Id. ¶¶ 15, 20, 39, 46. But these are all too far in time—around five months passed between the most recent alleged protected activity and the materially adverse action—to warrant an inference of causation. Additionally, the amended complaint does not allege sufficient facts establishing causation. It only alleges that Charlee and J.L. had no "previous behavioral, academic, or athletic disciplinary actions" but that does not link Oak Grove's action to

---

requirement is that a plaintiff plead "(1) the plaintiff partook in protected activity; (2) the plaintiff suffered an adverse action; and (3) a causal connection exists between the two." Id. at 1203.

protected activity. Further, the Langs' allegation that President Slette "wrongfully accused [them] of wrongdoing as retaliation" is insufficient to establish causation because "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678. The amended complaint fails to plausibly allege a retaliation claim under Title IX. As a result, the motion to dismiss is granted, and the claim is dismissed without prejudice.

### B.    State Law Claims

This leaves the Langs' North Dakota state law negligence, intentional infliction of emotional distress, and negligent infliction of emotion distress claims. With no claim remaining that invokes original jurisdiction, the Court may choose whether to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); see also Grinnell Mut. Reinsurance Co. v. Moon, 845 F. Supp. 2d 989, 994 (D. Minn. 2012).

When all federal claims are eliminated before trial, the balance of the factors to be considered in deciding whether to exercise supplemental jurisdiction over state-law claims typically weighs against exercising jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Nothing in this case suggests a deviation from this well-established principle is appropriate. And it appears the Court now lacks subject matter jurisdiction, given the absence of the necessary diversity of citizenship following resolution of the Langs' Title IX claims. With no federal claim remaining, the Court declines to continue exercising supplemental jurisdiction over the state-law claims and dismisses those remaining claims without prejudice.

### III.    <u>CONCLUSION</u>

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the motions to dismiss for failure to state a claim (Doc. 37; 39) are **GRANTED**. Because the Langs already amended their complaint, their motion for leave to amend

their complaint again is **DENIED**. The Langs' amended complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINLY.**

Dated this 17th day of November, 2023

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court