# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CHARLEE LANG; GREGORY LANG on behalf of minor daughter J.L.;<br><br>  *Plaintiffs,*<br><br>v.<br><br>OAK GROVE LUTHERAN SCHOOL; et. al.,<br><br>    *Defendants.* | **Case No.: 3:23-cv-00019-ARS** |

## PLAINTIFF'S MOTION FOR CLARIFICATION

A motion for clarification seeks clarification on "something ambiguous or vague" contained with the Court's Order. *Catlin Specialty Insurance Co. v. J.J. White, Inc.,* 387 F. Supp. 3d 583, 588 (E.D. Pa. 2019), *Whatley v. Canadian Pac. Ry. Ltd.*, No. 1:16-cv-00074, 2020 U.S. Dist. LEXIS 267435 (D.N.D. Dec. 10, 2020).

Plaintiff seeks clarification on the posture of the present case as a result of the Court's November 17, 2023, Order. The Order dismissed Plaintiff's claims without prejudice.

The primary meaning of dismissal without prejudice is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). Dismissal without prejudice does not bar the plaintiff from refiling the lawsuit within the applicable limitations period. *Id.*

At the same juncture, the Court provided that Plaintiff was denied leave to amend. Fed. R. Civ. P. 15(a) provides in relevant part that leave to amend the pleadings "shall be freely given when justice so requires." Notwithstanding the liberality of this general rule, it is generally left to the Court's discretion whether to grant leave to amend the pleadings. *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994). Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure

deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted. *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). Dismissing Plaintiff's claims without prejudice while also denying leave to amend is against the weight of justice and prejudicial to the Plaintiff. Plaintiff does not seek to amend the Complaint in bad faith. In order for Plaintiff to equitably and efficiently litigate the present case, Plaintiff sought leave to amend as to avoid the potential refiling of the same lawsuit.

Accordingly, ambiguity exists. Plaintiff requests that the Court provide clarification as to the ambiguity in the November 17, 2023 Order.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court clarify the posture of Plaintiff's claims.

Dated: December 1, 2023

Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Keith Altman, do hereby certify that I electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record as listed in the Service List in effect on the date of electronic filing.

SO CERTIFIED, this 1st day of December 2023.

/s/ *Keith Altman*
Keith Altman, Esq.